## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RUTH GONZALEZ,**

**Plaintiff,**                                    **Civil Action Number:**

**vs.**

**DON PEDRO MEXICAN FOOD, INC.,**        **Jury Trial Demanded**
**DON PEDRO MEXICAN FOOD II, INC.,**
**DON PEDRO MEXICAN FOOD III, INC.,**
**MARGARITA SANCHEZ, and**
**VICTORINO SANCHEZ,**

**Defendants.**

## COMPLAINT

Plaintiff, Ruth Gonzalez ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants Don Pedro Mexican Food, Inc. **(**"Don Pedro"), Don Pedro Mexican Food II, Inc. (Don Pedro II), Don Pedro Mexican Food III, Inc. (Don Pedro III), Margarita Sanchez ("Margarita"), and Victorino Sanchez ("Victorino"), and pleads as follows:

- 1 -

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime pay that was denied her; (2) an additional amount as liquidated damages; and (2) for her costs of litigation, including her reasonable attorneys' fees.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants are located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Gwinnett County, Georgia.

5.

Don Pedro employed Plaintiff as a laborer in and around Lawrenceville, GA, Norcross, GA, and Lilburn, GA from June 2010 until December 23, 2011.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of Don Pedro as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about June 2010 until December 23, 2011, Plaintiff has been "engaged in commerce" as an employee of Defendant Don Pedro as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Defendant Don Pedro is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Defendant Don Pedro has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about June 2010 until December 23, 2011, Defendant Don Pedro was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2010, Defendant Don Pedro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2011, Defendant Don Pedro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2010, Defendant Don Pedro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Defendant Don Pedro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2010, Defendant Don Pedro  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Defendant Don Pedro  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Defendant Don Pedro has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

18.

Defendant Don Pedro is subject to the personal jurisdiction of this Court.

19.

Don Pedro may be served with process through its registered agent, Victorino Sanchez, 5130 Buford Highway, Norcross, Georgia 30071.

20.

Don Pedro II employed Plaintiff as a laborer in and around Lawrenceville, Georgia, Norcross, Georgia, and Lilburn, Georgia from June 2010 until December 23, 2011.

21.

At all times relevant to this suit, Plaintiff has been an "employee" of Don Pedro II as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

22.

From on or about June 2010 until December 23, 2011, Plaintiff has been "engaged in commerce" as an employee of Defendant Don Pedro II as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

Defendant Don Pedro II is a corporation organized under the laws of the State of Georgia.

24.

At all times material hereto, Defendant Don Pedro II has been an "employer" of

Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

25.

From on or about June 2010 until December 23, 2011, Defendant Don Pedro II

was an "enterprise engaged in commerce or in the production of goods for commerce" as

defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

26.

During 2010, Defendant Don Pedro II had two or more "employees engaged in

commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2011, Defendant Don Pedro II had two or more "employees engaged in

commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2010, Defendant Don Pedro II had two or more "employees handling,

selling or otherwise working on goods or materials that have been moved in or produced

for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2011, Defendant Don Pedro II had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2010, Defendant Don Pedro II  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

31.

During 2011, Defendant Don Pedro II  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

32.

At all times material hereto, Defendant Don Pedro II has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

33.

Defendant Don Pedro II is subject to the personal jurisdiction of this Court.

34.

Don Pedro II may be served with process through its registered agent, Fausto Sanchez, 4030 Lawrenceville Highway, Lilburn, Georgia 30047.

35.

Don Pedro III employed Plaintiff Ruth Gonzalez as a laborer in and around Lawrenceville, GA, Norcross, Georgia and Lilburn, Georgia from June 2010 until December 23, 2011.

36.

At all times relevant to this suit, Plaintiff has been an "employee" of Don Pedro III as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

37.

From on or about June 2010 until December 23, 2011, Plaintiff has been "engaged in commerce" as an employee of Defendant Don Pedro III as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

38.

From on or about June 2010 until December 23, 2011, Plaintiff  has been engaged in the "production of goods for commerce" as an employee of  Defendant Don Pedro III as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

39.

Defendant Don Pedro III is a corporation organized under the laws of the State of Georgia.

40.

At all times material hereto, Defendant Don Pedro III has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

41.

From on or about June 2010 until December 23, 2011, Defendant Don Pedro III was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

42.

During 2010, Defendant Don Pedro III had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

43.

During 2011, Defendant Don Pedro III had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

44.

During 2010, Defendant Don Pedro III had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

45.

During 2011, Defendant Don Pedro III had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

46.

During 2010, Defendant Don Pedro III  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

47.

During 2011, Defendant Don Pedro III  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

48.

At all times material hereto, Defendant Don Pedro III has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

49.

Defendant Don Pedro III is subject to the personal jurisdiction of this Court.

50.

Don Pedro III may be served with process through its registered agent, Fausto Sanchez, 2092-C Beaver Springs Lane, Norcross, Georgia 30071.

51.

Don Pedro, Don Pedro II, and Don Pedro III comprise a single "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

52.

At all times material hereto, Don Pedro, Don Pedro II, and Don Pedro III have shared the services of Plaintiff.

53.

At all times material hereto, Don Pedro, Don Pedro II, and Don Pedro III have acted directly or indirectly in the interest of each other with respect to Plaintiff.

54.

At all times material hereto, Plaintiff has been under the direct control of Don Pedro, Don Pedro II, and Don Pedro III, jointly.

55.

At all times material hereto, Don Pedro, Don Pedro II, and Don Pedro III have exercised joint control over the Plaintiff in her capacity as an employee.

56.

At all times material hereto, Don Pedro, Don Pedro II, and Don Pedro III constitute an enterprise within the meaning of the FLSA.

57.

In 2010, Don Pedro, Don Pedro II, and Don Pedro III jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

58.

In 2011, Don Pedro, Don Pedro II, and Don Pedro III jointly had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

59.

At all times relevant to this action, Don Pedro, Don Pedro II, and Don Pedro III have been a joint employer of Plaintiff within the meaning of the FLSA.

60.

Defendant Margarita resides within Gwinnett County, Georgia.

61.

At all times material hereto, Defendant Margarita exercised operational control over the work activities of Plaintiff.

62.

At all times material hereto, Defendant Margarita was involved in the day to day operation of the Don Pedro restaurants in which Plaintiff worked.

63.

At all times material hereto, Defendants Don Pedro, Don Pedro II, and Don Pedro III vested Defendant Margarita with supervisory authority over Plaintiff.

64.

At all times material hereto, Defendant Margarita exercised supervisory authority over Plaintiff.

65.

At all times material hereto, Defendant Margarita scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

66.

At all times material hereto, Defendant Margarita exercised authority and supervision over Plaintiff's compensation.

67.

At all times material hereto, Defendant Margarita has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

68.

Defendant Margarita is subject to the personal jurisdiction of this Court.

69.

Defendant Victorino resides within Gwinnett County, Georgia.

70.

At all times material hereto, Defendant Victorino exercised operational control over the work activities of Plaintiff.

71.

At all times material hereto, Defendant Victorino was involved in the day to day operation of the Don Pedro restaurants in which Plaintiff worked.

- 15 -

72.

At all times material hereto, Defendants Don Pedro, Don Pedro II, and Don Pedro III vested Defendant Victorino with supervisory authority over Plaintiff.

73.

At all times material hereto, Defendant Victorino exercised supervisory authority over Plaintiff.

74.

At all times material hereto, Defendant Victorino scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

75.

At all times material hereto, Defendant Victorino exercised authority and supervision over Plaintiff's compensation.

76.

At all times material hereto, Defendant Victorino has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

77.

Defendant Victorino is subject to the personal jurisdiction of this Court.

78.

At all times relevant to this suit and while an employee of Defendants Don Pedro, Don Pedro II, and Don Pedro III, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

79.

At all times relevant to this suit and while an employee of Defendants Don Pedro, Don Pedro II, and Don Pedro III, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

80.

At all times relevant to this suit and while an employee of Defendants Don Pedro, Don Pedro II, and Don Pedro III, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

81.

At all times relevant to this suit and while an employee of Defendants Don Pedro, Don Pedro II, and Don Pedro III, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

## COUNT I — FAILURE TO PAY OVERTME

### 82.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 83.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 84.

During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

### 85.

Defendants failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from June 2010 through December 23, 2011.

### 86.

Defendants willfully failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from June 2010 through December 23, 2011.

87.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

88.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

89.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER                CHARLES R. BRIDGERS
101 MARIETTA STREET                  GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                       /S/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                   KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com      GA. BAR NO. 262375
charlesbridgers@dcbflegal.com
                                     COUNSEL FOR PLAINTIFF