IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUTH GONZALES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-3032-RWS |
| DON PEDRO MEXICAN FOOD, : | |
| INC., *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion for Review and Approval of Settlement Agreement [16]. Plaintiff seeks approval of a confidential Settlement Agreement reached between her and Defendants. The Agreement settles Plaintiff's claim pursuant to the Fair Labor Standards Act ("FLSA"), and the parties seek approval of the Agreement without making its terms public.

Judicial review and approval of Fair Labor Standards Act settlements are necessary to give settlements final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F. 2d 1350, 1353 (11th Cir. 1982). A district court "may enter a stipulated judgment after scrutinizing the settlement for

fairness." Id.  "[A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress' intent to insure widespread compliance with the statute." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).  Sealing an FLSA settlement agreement "thwarts Congress's intent both to advance employees' awareness of their rights and to ensure pervasive implementation of the FLSA in the workplace." Id. at 1245.

While the parties may assert that a confidentiality agreement promotes the settlement of this case, the Court concludes that the confidentiality provision is contrary to the purposes of the FLSA.  Therefore, the parties request for approval of the Settlement is hereby **DENIED**.

**SO ORDERED**, this   11th   day of February, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE