## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **Don Pedro Mexican Food, Inc.,** for itself and its divisions, subdivisions, parents, and affiliates, **Don Pedro Mexican Food II, Inc.,** for itself and its divisions, subdivisions, parents, and affiliates, **Don Pedro Mexican Foods II, Inc.,** for itself and its divisions, subdivisions, parents, and affiliates, **Maragarita Sanchez** and **Victorino Sanchez** (hereinafter jointly referred to as "DEFENDANTS"), and **Ruth Gonzalez** (hereinafter referred to as "PLAINTIFF").

### W I T N E S S E T H:

WHEREAS, PLAINTIFF was employed by **Don Pedro Mexican Food, Inc., Don Pedro Mexican Food II, Inc.,** and **Don Pedro Mexican Foods II, Inc.;**

WHEREAS, on or about August 30, 2012, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled [Ruth Gonzalez, Plaintiff vs. Don Pedro Mexican Food, Inc et al., Defendants], which was assigned Civil Action No. [1:12-CV-3032- RWS] (hereinafter "the Civil Action"); and

WHEREAS, **PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act; and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

WHEREAS, **DEFENDANTS** have denied and continue to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

WHEREAS, **DEFENDANTS** assert that there is no factual or legal basis for the allegations in the Civil Action; and

M·S

WHEREAS, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

WHEREAS, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **DEFENDANTS**, or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

### CONSIDERATION

1.

**DEFENDANTS** will cause to be paid to **PLAINTIFF** and his attorneys the total sum of Eight Thousand Eight Hundred Sixty Two Dollars and Zero Cents ($8,862.00) (the "Settlement Amount"). The Settlement Amount consists of the following: (1) Four Thousand One Hundred Dollars and no cents ($4,100.00) for attorneys' fees and costs payable to Kevin D. Fitzpatrick, Jr., ("Amount Due to Attorney") and Four Thousand Seven Hundred Sixty Two Dollars and no cents ($4,762.00) payable to Ruth Gonzalez ("Amount Due to Plaintiff"). The Settlement Amount shall be payable in two (2) installments in the manner hereafter set forth.

(1) The first Installment Payment shall be due ten (10) calendar days after approval of the Settlement Agreement by the Court.

(2) The second Installment Payment shall be due forty (40) calendar days after approval of the Settlement Agreement by the Court.

*M·S*

(3)    Installment Payments shall be sent to the attention of Kevin D. Fitzpatrick, Jr., Esq., Delong, Caldwell, Bridgers & Fitzpatrick, LLC, 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, Georgia 30303-2721.

(4)    The Installment payments shall consist of four checks made out in the following fashion:

    (a)    One check payable to "Kevin D. Fitzpatrick, Jr." in the amount of Two Thousand Fifty Dollars and Zero Cents ($2,050.00) representing Plaintiff's attorney's fees and costs, reported on a Form 1099 to Kevin D. Fitzpatrick, Jr.;

    (b)    One check payable "Ruth Gonzalez." in the amount of One Thousand One Hundred Ninety Dollars and Zero Cents ($1,190.00) less lawful withholdings, representing back pay, reported on a Form W-2; and

    (c)    One check payable "Ruth Gonzalez." in the amount of One Thousand One Hundred Ninety Dollars and Zero Cents ($1,190.00), for liquidated damages reported as non-wage income on a Form 1099.

**PLAINTIFF** and her attorneys agree to provide a completed W-9 Form prior to payment. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action.  Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.    M·S

## DISMISSAL OF ACTION

### 2.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

## WAIVER AND RELEASE OF ALL CLAIMS

### 3.

**PLAINTIFF**, for herself, her attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges **DEFENDANTS** and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which [he/she] has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF** and **Don Pedro Mexican Food, Inc., Don Pedro Mexican Food II, Inc., Don Pedro Mexican Foods II, Inc., Maragarita Sanchez** and/or **Victorino Sanchez**, or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to her employment with **DEFENDANTS**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** represents that she is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, ex-

penses or attorneys' fees, which she has or may have against either **Don Pedro Mexican Food, Inc., Don Pedro Mexican Food II, Inc., Don Pedro Mexican Foods II, Inc., Maragarita Sanchez** and/or **Victorino Sanchez**, at this time, whether or not related to her employment. **PLAINTIFF** further agrees and acknowledges that **DEFENDANTS** are relying upon this representation in entering into this Agreement.  Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief.  Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

4.

  **PLAINTIFF** also specifically releases and waives any claims she may have as of the date of execution of this Release against **Don Pedro Mexican Food, Inc., Don Pedro Mexican Food II, Inc.,** and/or **Don Pedro Mexican Foods II, Inc.,** for any claim of age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), as amended, the Older Workers Benefit Protection Act ("OWBPA"), or any state or local law prohibiting age discrimination, except that **PLAINTIFF** does not waive her right to challenge the knowing and voluntary nature of the release.

M·S

5.

PLAINTIFF represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for [him/her] with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by DEFENDANTS under the Agreement are intended to include all legal fees, costs, and/or expenses for which DEFENDANTS could be liable in connection with the Civil Action.

## WARRANTY

6.

PLAINTIFF represents and warrants that she alone is entitled to assert any claim she may have against DEFENDANTS of any kind or character arising out of, or as a consequence of, her employment with DEFENDANTS to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. PLAINTIFF further represents and warrants that she is fully authorized to enter into this Agreement and that she has not transferred or assigned any right to any claim or recovery against Defendants. PLAINTIFF agrees to indemnify and hold DEFENDANTS harmless from any claim by any other person who is determined to have the right or authority to assert any claim on her behalf against Don Pedro Mexican Food, Inc., Don Pedro Mexican Food II, Inc., Don Pedro Mexican Foods II, Inc., Maragarita Sanchez and/or Victorino Sanchez or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold DEFENDANTS harmless from any costs, expenses or damages sustained by reason of any such claim.

M·S

## ENTIRE AGREEMENT

### 7.

PLAINTIFF affirms that the only consideration for [his/her] agreement to execute, and [his/her] execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused [him/her] to execute the Agreement; that [he/she] fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that she has been advised to consult with legal counsel prior to executing the Agreement; that she has had a reasonable period of time within which to consider the Agreement; and that she has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

### 8.

In the event of a breach of any of the terms of the Agreement by PLAINTIFF, or DEFENDANTS, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.   In the event of a breach by DEFENDANTS, the entire outstanding principal balance shall immediately become due and payable.  Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

### 9.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

M·S

## NON-DISPARAGEMENT

### 10.

PLAINTIFF agrees and promises that unless required by law to do so, [he/she] will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **Don Pedro Mexican Food, Inc.'s, Don Pedro Mexican Food II, Inc.'s, Don Pedro Mexican Foods II, Inc.'s, Maragarita Sanchez's and/or Victorino Sanchez's** reputation or business. **Don Pedro Mexican Food, Inc., Don Pedro Mexican Food II, Inc., Don Pedro Mexican Foods II, Inc., Maragarita Sanchez and/or Victorino Sanchez** agree and promise that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **Ruth Gonzalez.**

## JUDICIAL APPROVAL OF SETTLEMENT

### 11.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to PLAINTIFF until the Court has approved this Agreement.  In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

### 12.

PLAINTIFF agrees to voluntarily withdraw any and all administrative complaints and/or charges she has filed against **Don Pedro Mexican Food, Inc., Don Pedro Mexican Food II, Inc., Don Pedro Mexican Foods II, Inc., Maragarita Sanchez** and/or **Victorino Sanchez** and which are presently pending before any administrative body, to the extent there are any.

M.S

13.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

14.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

15.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **DEFENDANTS'** successors and assigns.

## JURISDICTION AND VENUE

16.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

## NOTICE TO EMPLOYEE OF RIGHTS UNDER THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT.

M·S

## PERIOD TO CONSIDER AGREEMENT AND RIGHT TO REVOKE AGREEMENT

17.

The Agreement means, in part, that you give up your rights to damages or money based on claims of age discrimination against **DEFENDANTS**, if the age discrimination claims arose before you signed the Agreement.  Any claims for damages or money based on age discrimination, which may arise after signing the Agreement, are not affected by the Agreement.

You have the right to revoke (that is, cancel) the Agreement within seven (7) days of the date you sign the Agreement.  If you revoke the Agreement, then the Agreement shall become null and void, meaning you will not receive the payments and other things set forth in the Agreement.  To be effective, your revocation must be in writing and returned to Kenneth M. Sissell, 746 Pleasant Hill Road, Lilburn, Georgia 30047 within seven (7) days of the date you sign the Agreement.  If by mail, the revocation must be (1) postmarked within the seven-day period, (2) properly addressed, and (3) sent by certified mail, return receipt requested.  You agree that the money described in Paragraph 2 of this Agreement is consideration to which you would not otherwise be entitled without signing the Agreement, and that this consideration constitutes payment in exchange for signing the Agreement.  You further agree that if you exercise your right to revoke this Agreement, in addition to providing the required written notice within the seven (7) day revocation period, you will provide additional notice of Kenneth M. Sissell at (404) 325-1244 within the seven (7) day revocation period and advising that attorney of such revocation decision.

You acknowledge that you have been given ample time of not less than **twenty-one (21)** calendar days to consider the Agreement, that you have been advised to consult with an attorney prior to signing it, that you have in fact consulted with an attorney prior to signing it, and that your signing of the Agreement is completely voluntary.  M·S

**THE UNDERSIGNED STATES THAT [HE/SHE] HAS CAREFULLY READ THE AGREEMENT, WHICH CONSTITUTES SEVENTEEN (17) NUMBERED PARAGRAPHS AND THIRTEEN (13) PAGES, AND KNOWS AND UNDERSTANDS ITS CONTENTS AND THAT [HE/SHE] EXECUTES IT AS [HIS/HER] FREE ACT AND DEED.**

      **IN WITNESS WHEREOF**, the undersigned have hereunto set their hand and seal this _13th_ day of February, 2013.

_Ruth Gonzalez_
Ruth Gonzalez

Sworn to and subscribed
before me this _15t_ day
of January 2013

_____
NOTARY PUBLIC
My Comm'n Expires:

_Maggie Sault_
Don Pedro Mexican Food, Inc.
By: _Margarita Sanchez_
Its: _President_

Sworn to and subscribed
before me this ___ day of
of January 2013

_Lucinda F. Richer_
NOTARY PUBLIC
My Comm'n Expires:
NOTARY PUBLIC, GWINNETT COUNTY, GA
MY COMMISSION EXPIRES FEB. 22, 2015

_Margarita Sanchez_
Don Pedro Mexican Food II, Inc.
By: _Margarita Sanchez_
Its: _President_

Sworn to and subscribed
before me this _22_ day of
of January 2013
_Feb._

_Lucinda F. Richer_
NOTARY PUBLIC

NOTARY PUBLIC, GWINNETT COUNTY, GA
MY COMMISSION EXPIRES FEB. 22, 2015

My Comm'n Expires:

Don Pedro Mexican Food III, Inc.

By: _____

Its: _____

Sworn to and subscribed
before me this 22 day of
of January 2013

_____
NOTARY PUBLIC
My Comm'n Expires: NOTARY PUBLIC, GWINNETT COUNTY, GA
MY COMMISSION EXPIRES FEB. 22, 2015

_____
Maraarita Sanchez

Sworn to and subscribed
before me this 22 day of
January 2013

_____
NOTARY PUBLIC
My Comm'n Expires:        NOTARY PUBLIC, GWINNETT COUNTY, GA
                          MY COMMISSION EXPIRES FEB. 22, 2015

**SO AGREED AND APPROVED BY:**

DELONG CALDWELL BRIDGERS &
FITZPATRICK, LLC

_____

Kevin D. Fitzpatrick, Jr.
Georgia Bar No: 262375
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax (404) 979-3170
kevin.fitzpatrick@dcbflegal.com

_____

Charles R. Bridgers
Georgia Bar No: 080791
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax: (404)979-3170
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**

_____

Kenneth M. Sissell
Georgia Bar No.
746 Pleasant Hill Road
Lilburn, GA 30047
Law746@mindspring.com

**COUNSEL FOR DEFENDANTS**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RUTH GONZALEZ,

Plaintiff,                                          Civil Action Number:

vs.                                                 1:12-cv-03032-RWS

DON PEDRO MEXICAN FOOD, INC.,
DON PEDRO MEXICAN FOOD II,
INC., DON PEDRO MEXICAN FOOD
III, INC., MARGARITA SANCHEZ,
and VICTORINO SANCHEZ,

Defendants.

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW Plaintiff and Defendants and, pursuant to Fed. R. Civ. P.

41(a)(1)(A)(ii), agree to the dismissal with prejudice of this action, with each party

to bear its own respective costs.

SO STIPULATED:                        SO STIPULATED:

DELONG CALDWELL BRIDGERS &
FITZPATRICK, LLC

_____
Kevin D. Fitzpatrick, Jr.
Georgia Bar No: 262375
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax (404) 979-3170
kevin.fitzpatrick@dcbflegal.com


_____
Charles R. Bridgers
Georgia Bar No: 080791
3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax: (404)979-3170
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**

_____
Kenneth M. Sissell
Georgia Bar No.
746 Pleasant Hill Road
Lilburn, GA 30047
Law746@mindspring.com

**COUNSEL FOR DEFENDANTS**